## GODFREY *v.* CRUISE.

A replication, which states the title of the cause, before what court pending, and the time, and then contains the following allegations, to wit: "Now comes the plaintiff, A. B., and denies owing the defendant, C. D., [here state the amount claimed by the other party,] or any other sum, as alleged by the defendant," and which is signed by the plaintiff or his attorneys, is a sufficient denial of a set-off filed by the defendant.

### *Appeal from the Boone District Court.*

GODFREY sued Cruise before a justice of the peace, on an account, claiming some seventy-two dollars.   Cruise appeared to the action, and denied owing the amount claimed by plaintiff, or any part thereof, and also plead a set-off, composed of several items, amounting to some eighty dollars.   To this set-off the plaintiff replied, which replication, after stating the title of the cause, the time, and before what court pending, alleges: "Now comes the plaintiff, Suvigney Godfrey, and denies owing the defendant, James Cruise, eighty dollars and thirty-five cents, or any other sum, as alleged by the defendant," and which was signed by the proper attorney of the plaintiff.   The cause was appealed to

the District Court, and on the trial there, after the plaintiff
had introduced evidence to prove his account, and rested
his case, the defendant moved that his set-off should be
taken as true, because the same had not been replied to by
the plaintiff. The replication above recited was on the files
of the court. The court sustained the motion, and ordered
the set-off to be taken as true, and thereupon, the jury im-
panneled in the cause rendered a verdict in favor of defend-
ant for some $56.00, on which there was judgment. The
plaintiff appeals, and assigns for error, the sustaining of the
motion taking the set-off as true.

*J. E. Jewett*, for appellant.

*Bates & Finch*, for appellee.

WRIGHT, C. J.—The Code provides that each pleading
shall, in relation to every affirmative allegation to which it
should respond, contain a specific admission or denial, or
state sufficient reason for not doing so ; and that allegations
not thus responded to, will be taken as true. Section 1742.
This section, it is true, is found in the chapter regulating
pleading and practice in the District Court: but, by section
2284, the pleadings are to be substantially the same in pro-
ceedings before a justice of the peace. The court, in sus-
taining this motion, must have assumed that the replication
did not contain a denial of the defendant's set-off, for it
would scarcely be claimed, that it admitted it. In this, we
think, the court erred. The plaintiff says, that he does not
owe defendant the amount by him claimed, or any other
sum. There is not, perhaps, in the language used, that tech-
nical precision or critical nicety, found in some of our courts,
but in the language of the Code, these words do convey to
the " common understanding a reasonable certainty of mean-
ing." More than this is not required in the District Court,
and we certainly will not make the rule more strict in pro-
ceedings before inferior tribunals. There was no reason-
able room for doubt, as to what was denied by this replica-

tion, and an issue was very distinctly made thereby. And especially so, from the fact, that no objection appears to have been taken to this pleading before the justice. But the plaintiff having denied the defendant's set-off, in the same language substantially, in which his account had been denied by defendant, the first intimation he has that he has not sufficiently denied it, is after he has closed his evidence in the District Court. We think both denials were sufficiently specific, and defendant should have been put upon proof of his set-off.

Judgment reversed.